ROMAN W. FELTES, District Attorney, Trempealeau County
You have requested my opinion concerning the powers of a municipality to regulate the hours a retail intoxicating liquor licensee may remain open for the sale of intoxicating liquors. Specifically, you request:
 "May municipalities provide for closing hours for places of business under Sec. 176.06 (5) that differ from that generally required of all other places selling and dispensing intoxicating liquors?"
As you have expressed in your letter, a particular municipality in your county currently does not allow sale of any intoxicating liquors by retail licensees on Sundays. Various hotels, restaurants, bowling alleys and golf courses, which are licensed for the sale of intoxicating liquors, desire to sell such liquors on Sundays. Regular "tavern" owners who are licensed for the sale of intoxicating liquors have objected to this request and desire to remain closed on Sundays.
I am of the opinion that a municipality cannot allow one group of "Class B" intoxicating liquor licensees to remain open for the sale of liquor on Sundays while forbidding another group of "Class B" intoxicating liquor licensees from opening for such sale on Sundays.
If a municipality were allowed to impose different standards on the same type of intoxicating liquor licenses solely on the basis of the type of business conducted by such licensees, the municipality would in effect be creating two types of licenses, i.e., a "Class B" intoxicating liquor license that is allowed to remain open for sales of liquor on Sundays and a "Class B" intoxicating liquor license that is forbidden to open for such sales on that day. Pursuant to statute, municipalities are allowed by state law to grant and issue only two types of intoxicating liquor licenses, "Class A" and "Class B" licenses. It is my opinion that a municipality cannot impose different requirements on the same class of licenses without violating sec. 176.44, Stats., which requires uniformity in the regulation of intoxicating liquors. While it is true that local governments may apply more restrictive provisions on licenses in general than those imposed by state statute (see sec. 176.43 (1), Stats.), such *Page 599 
governmental bodies cannot create within their confines different regulations to be applied to the same class of license.
I am in agreement with the result reached in 23 OAG 433, at 434 (1934), which reads, in part, as follows:
 "It has been suggested that the local municipalities subdivide the `Class B' licenses into `Class B Retailers' licenses' and `Class B Club Retailers' licenses,' and fix different fees for these classes, by virtue of sec. 176.43, which delegates to the cities, towns and villages power to prescribe additional regulations in or upon the sale of intoxicating liquor not in conflict with the provisions of the state law. This quite obviously would be a circumvention of the law which limits intoxicating liquor licenses to two classes. Such subdivision would be virtually creating three classes although still retaining only two alphabetical designations for the classes. There would be no good reason why the municipality could not as well create a number of other subdivisions under the `Class B' and so completely destroy the uniformity which the legislature desired when it provided, in sec. 176.44, to the effect that the state liquor law `shall be construed as an enactment of state-wide concern for the purpose of providing a uniform regulation of the sale of liquors.'"
It is true that under sec. 176.06 (5), Stats., hotels, restaurants, bowling alleys and golf courses licensed for the sale of intoxicating liquors are permitted to remain open after other "Class B" intoxicating liquor licensees must close their doors. However, pursuant to said statute, these four types of businesses are only allowed to remain open to conduct their primary business but not to sell intoxicating liquors. With this one exception, sec. 176.06 (5), Stats., does not treat hotels, restaurants, bowling alleys or golf courses licensed for the sale of intoxicating liquors any differently than any other holder of an intoxicating liquor license.
BCL:SLM